IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT E. BRANSON, DAVID J. BRANSON, and ROBERT J. BRANSON,<br><br>Plaintiffs,<br><br>v.<br><br>LEE MESTRE, VINCENT BRANSON, and 10 NORTH FOURTH STREET TRUST, and JOHN DOES 1-20, INCLUSIVE and ALL UNKNOWN OWNERS OR CLAIMANTS OF PROPERTY LOCATED AT SOUTH BETHANY/ OCEAN HIGHWAY, LOT 39, BLK 1 N. ADD, INDIAN RIVER HUNDRED, SUSSEX COUNTY, DELAWARE TMP No. 134-17.20-199.00,<br><br>Defendants. | Civil Action No. 17-207-VAC-SRF |

## REPORT AND RECOMMENDATION FOR JUDGMENT AWARDING ATTORNEYS' FEES

At Wilmington this 27th day of July, 2017, the court having considered plaintiffs' accounting of attorneys' fees incurred in connection with the motion to remand (D.I. 19; D.I. 21; D.I. 22), and defendants' response thereto (D.I. 25), and having concluded that the fees requested by plaintiffs' counsel should be granted-in-part in accordance with 28 U.S.C. § 1447(c), IT IS HEREBY RECOMMENDED that attorneys' fees shall be awarded in favor of Thomas P. Leff in the amount of $7,500.00[1] against defendants Lee Mestre, Vincent Branson, and 10 North Fourth

---

[1] The court finds that the hourly rates charged by plaintiffs' counsel in connection with the filing of the motion to remand are reasonable. *See Collier v. Target Stores Corp.*, C.A. No. 03-1144-SLR, 2006 WL 735083, at *1 (D. Del. Mar. 23, 2006). Defendants Lee Mestre and Vincent Branson do not dispute the reasonableness of the hourly rates charged by Mr. Leff or his paralegal. (D.I. 25) However, a court "has a great deal of discretion" to reduce the number of compensable hours based on the adverse party's objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *South Annville Twp., Lebanon County Auth. v. Kovarik*, 2014 WL 4793782, at *3 (M.D. Pa. Sept. 25, 2014). After reviewing the invoices attached to plaintiffs' counsel's applications for fees and expenses, the court is not satisfied that the number of hours

Street Trust, jointly and severally. The fee request filed by Shannon R. Owens (D.I. 21) is denied.[2] The attorneys' fees awarded shall be paid within fourteen (14) days of the court's final order on this Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart,* 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

expended was reasonable. As indicated by defendants' counsel, some of the fees incurred in connection with the motion to remand are redundant. (D.I. 25) By way of example, Mr. Leff spent 2.30 hours reviewing the Chancery Court docket of past litigation, and subsequently spent 2.40 hours reviewing the notice of removal, which attached the same documents contained on the Chancery Court docket. (D.I. 19, Ex. A at 1)

[2] Ms. Owens is a member of the Delaware Bar, but has not been admitted to the U.S. District Court for the District of Delaware. Ms. Owens was eligible to seek admission pursuant to Local Rule 83.5(b), however, she filed a motion for admission *pro hac vice*, certifying that she is "generally familiar with this Court's Local Rules." (D.I. 9, Ex. 1 at 2) The Local Rules expressly state that motions for admission *pro hac vice* are reserved for "[a]ttorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware." D. Del. LR 83.5(c). More significantly, Ms. Owens' work appears to be duplicative of the work performed by Anthony King, who reviewed and revised court filings in the instant matter, and communicated with Mr. Leff and the clients. (D.I. 19, Ex. A at 6) Therefore, Ms. Owens' fee request is denied.

2