IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALBERT E. BRANSON, DAVID J. BRANSON, AND ROBERT J. BRANSON<br><br>Plaintiffs,<br><br>v.<br><br>LEE MESTRE, VINCENT BRANSON, and 10 NORTH FOURTH STREET TRUST, and JOHN DOES 1-20, INCLUSIVE and ALL UNKNOWN OWNERS OR CLAIMANTS OF PROPERTY LOCATED AT SOUTH BETHANY/ OCEAN HIGHWAY, LOT 39, BLK 1 N. ADD, INDIAN RIVER HUNDRED, SUSSEX COUNTY, DELAWARE TMP No. 134-17.20-199.00<br><br>Defendants. | : : : : : : : : : : : : : : : : : | C.A. No. 17-207-LPS |

## MEMORANDUM ORDER

Pending before the Court is Defendant Lee Mestre's ("Defendant" or "Mestre") *pro se* motion to modify the order awarding attorney fees. (D.I. 30) On July 27, 2017, Magistrate Judge Sherry Fallon issued a Report and Recommendation granting Plaintiffs Albert Branson, David Branson, and Robert Branson's (collectively "Plaintiffs") motion to remand and granting Plaintiffs' request for attorney fees. (D.I. 26) ("Report") The facts of this case are described in detail in Judge Fallon's Memorandum Opinion of June 16, 2017 (D.I. 17) and her subsequent Report (D.I. 26). No objections to the Report were filed and the Court adopted it on March 2, 2018. (D.I. 29) Mestre filed the present motion on March 22, 2018, seeking to modify the fee award by imposing it on Defendant 10 North Fourth Street Trust, of which Mestre is a member, rather against Mestre personally. (D.I. 30) Plaintiffs oppose the motion. (D.I. 31)

**IT IS HEREBY ORDERED THAT:**

1. Defendant's motion (D.I. 30) is **DENIED**.

2. Mestre argues that the fee award should be only imposed on the trust because "Delaware courts assess counsel fees against a trustee individually only when the conduct at issue constitutes gross negligence." (D.I. 30 at ¶ 25) He adds that "[i]t would be manifestly unjust for personal liability to be imposed against either defendant." (*Id.* at ¶ 26)

3. Mestre's trust law arguments are inapposite. Fees were awarded pursuant to the federal removal statute, 28 U.S.C. § 1447(c), not Delaware trust law. Section 1447(c) provides: "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." (Report at 12) (quoting *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)) Here, the fee was awarded because "the removing party" – that is, Mestre – "lacked an objectively reasonable basis for seeking removal" (*id.*) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)), a finding Mestre does not challenge. (*See* D.I. 1 at 2) ("Defendant Lee Mestre ('Mestre'), with the consent of Defendant, Vincent Branson, (collectively 'Defendants'), files this Notice of Removal and hereby removes this action.")

March 28, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE